UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VINCENT PEPE,

|  | **MEMORANDUM-DECISION** |
|  | **AND ORDER** |

                            Petitioner,

                v.                                          04-CV-835
                                                            (LEK/VEB)

JAMES WALSH,

                          Respondent.
_____

**APPEARANCES:**                              **OF COUNSEL:**

VINCENT PEPE                          JILLIAN S. HARRINGTON, ESQ.
Petitioner                               Rochman Platzer Law Firm
95-B-1038                              666 Third Avenue
Sullivan Correctional Facility       New York, NY 10017
P.O. Box 116
Riverside Drive
Fallsburg, NY 12733-0116

HON. ANDREW M. CUOMO         JODI A. DANZIG, ESQ.
Office of the Attorney General
State of New York
New York Habeas Division
120 Broadway
New York, NY 10271

## MEMORANDUM-DECISION AND ORDER

### A.    Background

       Petitioner, Vincent Pepe, by and through his attorneys of record, commenced this

action on July 19, 2004, by filing a Petition for Writ of Habeas Corpus. (Docket No. 1).

Petitioner challenges the constitutionality of his 1995 conviction in a New York State court

on four counts of Second Degree Murder, one count of Third Degree Criminal Possession

of a Weapon, one count of Second Degree Criminal Possession of a Weapon, two counts of First Degree Robbery, and Third Degree Arson.   Respondent filed submissions in opposition on January 21, 2005.  (Docket Nos. 13, 14).

In his first claim for habeas corpus relief, Petitioner contends that was denied the effective assistance of counsel in violation of his rights under the Sixth Amendment. Specifically, Petitioner claims that he was represented by Attorneys George F. Aney and Joseph Hobika, Jr. during the initial stage of the police investigation in October 1993 until his arraignment in March 1994.  Petitioner argues that Attorneys Aney and Hobika were operating under a conflict of interest during this period, as they were simultaneously representing other targets of the police investigation and potential government witnesses before the grand jury.

Petitioner claims that these conflicts of interest tainted the pre-trial and post-trial proceedings, causing the allegedly erroneous admission of prejudicial evidence.  Petitioner further suggests that Attorneys Aney and Hobika may have improperly revealed confidential information obtained from Petitioner during the course of their representation.

In addition, Petitioner asserts that his trial attorney, Kenneth Ray, Esq., was unconstitutionally ineffective because he failed to adequately address the conflict of interest issue and its potential impact on Petitioner's trial.  Although not specifically identified in the Petition as a separate claim for habeas relief, Petitioner's supporting papers make clear his intention to assert a claim for ineffective assistance of trial counsel with respect to Attorney

2

Ray.[1]

### B.     Procedural History

This case was referred to the undersigned on August 9, 2007, by the Honorable Norman A. Mordue, Chief United States District Judge, for further proceedings and, ultimately, for the issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) and (B).  (Docket No. 19).

On October 12, 2007, this Court issued an Order (Docket No. 20) directing counsel to address the following three questions:  (1) whether Petitioner's ineffective assistance of counsel claims were exhausted and/or procedurally barred; (2) whether a "Sparman hearing" is necessary to afford Attorneys Aney and Hobika an opportunity to address the factual allegations underlying Petitioner's claim; and (3) whether a Sparman hearing should be held to permit Attorney Ray an opportunity to explain his allegedly deficient performance in failing to adequate raise and address the conflict of interest issue.

Petitioner filed a memorandum of law in response to this Court's Order on January 16, 2008. (Docket No. 24).  Respondent submitted a memorandum of law and affidavit addressing the questions set forth in this Court's Order on April 28, 2008.  (Docket Nos. 27, 28).  Petitioner filed a letter brief in reply on May 20, 2008.  (Docket No. 30).  Respondent filed a letter brief on May 28, 2008. (Docket No. 31).

Respondent concedes that Petitioner properly exhausted the ineffective assistance of counsel claims and further acknowledges that the claims are not procedurally barred and

---

[1]Petitioner raises two (2) other claims in support of his Petition, namely, that the prosecution improperly failed to disclose Brady material and that his trial counsel was unconstitutionally ineffective based upon his alleged failure to investigate and present exculpatory forensic evidence.  A Sparman hearing does not appear to be necessary at this point with regard to those claims and, as such, they are not addressed herein.

may be reviewed by this Court on the merits under the applicable AEDPA standard of review. (Docket No. 27, at pp. 8, 11).  As such, this Court must now determine whether a Sparman hearing should be held with respect to the claims involving Attorneys Aney/Hobika and the claim concerning Attorney Ray.  For the following reasons, this Court finds that such a hearing is both necessary and appropriate as to both claims.

### C.   Sparman Hearing (Aney & Hobika)

In Sparman v. Edwards, the United States Court of Appeals for the Second Circuit held that "a district court facing the question of constitutional ineffectiveness of counsel should, except in highly unusual circumstances, offer the assertedly ineffective attorney an opportunity to be heard and to present evidence, in the form of live testimony, affidavits, or briefs." Sparman v. Edwards, 154 F.3d 51, 52 (2d Cir.1998).

In the present case, Respondent contends that a Sparman hearing is unnecessary for three principal reasons.  First, Respondent argues that the state court's determinations with respect to Petitioner's ineffective assistance of counsel claims survive AEDPA review as a matter of law, rendering a further hearing unnecessary.  Second, Respondent asserts that Petitioner is not entitled to an evidentiary hearing pursuant to 28 U.S.C. § 2254 (e)(2) because he failed to develop the factual basis of his claims in the state courts.  Third, Respondent suggests that, even assuming further evidence is necessary, any such evidence can and should be provided via affidavits and further briefs, rather than an evidentiary hearing involving live testimony.

### 1.   State Court Determination

It is well-settled that "[t]he right to counsel under the Sixth Amendment entails 'a

correlative right to representation that is free from conflicts of interest.'" <u>United States v. Levy</u>, 25 F.3d 146, 152 (2d Cir.1994) (quoting <u>Wood v. Georgia</u>, 450 U.S. 261, 271, 101 S.Ct. 1097, 67 L.Ed.2d 220 (1981)); <u>accord</u> <u>Armienti v. United States</u>, 313 F.3d 807, 811 (2d Cir.2002).

"A defendant will have suffered ineffective assistance of counsel in violation of his Sixth Amendment rights if his attorney has a 'per se' conflict, a potential conflict of interest that results in prejudice to the defendant, or an actual conflict of interest that adversely affects the attorney's performance." <u>Armienti</u>, 313 F.3d at 811 (citing, *inter alia*, <u>Levy</u>, 25 F.3d at 152).

On direct appeal, Petitioner argued that he was denied the effective assistance of counsel because Attorneys Aney and Hobika were operating under an actual conflict of interest.  The Appellate Division, Fourth Department denied Petitioner's claim, finding that:

> Even assuming, arguendo, that the same attorneys represented defendant and some prosecution witnesses during the Grand Jury investigation, we conclude that, because defendant was represented by different counsel at his arraignment and through the completion of the trial, he failed to establish that the continued representation of those prosecution witnesses by his former attorneys bore a substantial relation to the conduct of his defense.

<u>People v. Pepe</u>, 689 N.Y.S.2d 310, 313 (4th Dep't 1999).

This Court must determine whether the Appellate Division's decision in this regard was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Generally, the guidepost for determining whether a petitioner's counsel was

unconstitutionally ineffective is the two-part test set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which most certainly constitutes clearly established federal law on this point.  The <u>Strickland</u> test requires the petitioner to show (1) that counsel's performance was deficient and (2) that he or she was prejudiced thereby.

However, while a "defendant is required to demonstrate prejudice to prevail on most claims of ineffective assistance of counsel, the same showing is not necessary when a defendant's counsel is burdened by an actual conflict of interest because, under such circumstances, prejudice is usually presumed." <u>United States v. Feyrer</u>, 333 F.3d 110, 116 (2d Cir. 2003)(citing <u>Strickland</u>).

In the present case, as noted above, the Appellate Division held that, even assuming that Aney and Hobika had represented Petitioner during the pre-indictment phase, Petitioner was not entitled to relief because he subsequently obtained a new attorney (Ray) and failed to show that "the *continued representation* of those prosecution witnesses by his former attorneys bore a substantial relation to the conduct of his defense." <u>Pepe</u>, 689 N.Y.S. 2d at 313 (emphasis added).

However, the Appellate Division did not address the issue of whether Petitioner was deprived of the effective assistance of counsel during the pre-indictment proceedings, while Aney and Hobika were possibly laboring under an actual conflict of interest.

In other words, the Appellate Division concluded that the "continued representation of the prosecution witnesses of Aney and Hobika did not impair Petitioner's defense" following arraignment on the grand jury indictment and during trial; but it failed to address or analyze whether those attorneys provided effective assistance of counsel to Petitioner prior to that point, *i.e.* during the pre-indictment phase when they were purportedly acting

6

as his attorneys.  This is a significant omission, as the Sixth Amendment right to counsel applies to all "critical stages" of a criminal prosecution, including proceedings that occur prior to arraignment on a grand jury indictment.[2]  See, e.g., Meadows v. Kuhlman, 812 F.2d 72, 76 (2d Cir. 1987)("The right to counsel therefore attached in the instant case with the filing of the felony complaint."); Gonzalez v. Sullivan, No. CV-88-1459, 1990 WL 126189, at *2 (E.D.N.Y. Aug. 30, 1990)("The New York courts have been fairly liberal in their interpretation of when adversarial process (and hence the right to counsel) begins. In addition to arraignment, an arrest warrant or a court removal order to transfer a prisoner to another location for the purpose of investigating a crime are all considered to mark the beginning of adversarial process.").

On the record presented, it appears that Attorneys Aney and Hobika may have represented Petitioner during the pre-indictment phase, including the period following Petitioner's arrest and arraignment on the felony complaint, while simultaneously representing other targets of the criminal investigation.[3]  It further appears that those other individuals negotiated cooperation agreements with the prosecution in exchange for their testimony against Petitioner, while no plea discussions appear to have been initiated with

---

[2]As a corollary, however, Petitioner cannot prevail on his claim unless he demonstrates that Aney and/or Hobika were unconstitutionally ineffective after his constitutional right to counsel attached.  Habeas relief cannot be granted even for egregious misconduct on the part of counsel, unless such conduct occurred after the Sixth Amendment right to counsel had attached.  See Claudio v. Scully, 982 F.2d 798, 802 (2d Cir. 1992)

[3]To prevail on his claim that Aney and Hobika were unconstitutionally ineffective, Petitioner will need to establish that one or both of those attorneys was actually representing him during the relevant time period, a matter that may well be disputed.  This Court takes no position as to that issue at this point. However, this Court notes that Respondent appears to take the position that Petitioner cannot establish that Hobika represented him unless Hobika admits that fact.  This is not necessarily so, as this evidentiary fact may be established via other evidence (e.g. testimony from Petitioner or his family, documentary evidence, etc.).

respect to or on behalf of Petitioner during this critical stage of the proceedings.

There can be little doubt that, under the circumstances, the simultaneous representation of multiple targets of a governmental investigation and prosecution would present an actual conflict of interest, particularly where (1) the nature, extent, and consequences of such simultaneous representation may not have been adequately disclosed and/or explained to Petitioner, (2) counsel may have received compensation from a family member of one of the other individuals, and (3) counsel was apparently negotiating cooperation agreements with the prosecution that involved testimony by one client adverse to the interests of another client. Cf., e.g., LoCurto v. United States, No. 05-CV-1327, 2006 WL 618412, at *5 (E.D.N.Y. Mar. 10, 2006) ("Nevertheless, an actual conflict can manifest during the course of multiple representation, *viz.*: if one defendant in the course of a prosecution seeks a cooperation agreement with the government that necessarily inculpates the other defendant.").

While prejudice is generally presumed in cases involving an actual conflict of interest, the fact that a defendant's attorney was laboring under an actual conflict of interest does not establish ineffective assistance of counsel *per se*.  Rather, "in order for a defendant to prevail on a claim that he was denied effective assistance of counsel based on counsel's actual conflict, the defendant must still establish that (a) counsel actively represented conflicting interests, and (b) such conflict adversely affected his lawyer's performance." Feyrer, 333 F.3d at 116.

In other words, the conflict must have caused "an actual lapse in representation." Feyrer, 333 F.3d at 116. (citations omitted).  Accordingly, the petitioner must show "some plausible alternative defense strategy or tactic might have been pursued, and that the

8

alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests." United States v. Schwarz, 283 F.3d 76, 92 (2d Cir. 2002); see also Mickens v. Taylor, 535 U.S. 162, 122 S.Ct. 1237, 1242-43 (2002) (holding that petitioner must establish that the conflict "affected the counsel's performance, as opposed to a mere theoretical division of loyalties"); Cuyler v. Sullivan, 446 U.S. 335, 350, 100 S.Ct. 1708, 1719 (1980) ("[U]ntil a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance.").

In Camera v. Fogg, 658 F.2d 80 (2d Cir. 1981), the Second Circuit found that the habeas petitioner's Sixth Amendment right to counsel was violated by trial counsel's simultaneous representation of petitioner and two of his co-defendants.  Specifically, the court held that the "representation of these three defendants involved, from the start, representation of conflicting interests . . . ." Camera, 658 F.2d at 87.  The court concluded that this conflict adversely affected the representation of petitioner in several respects, including during the course of plea discussions, as trial counsel failed to adequately explore plea bargains on behalf of the petitioner because doing so would have harmed the interest of one of the other co-defendant clients.  Id. at 87-88; see also Winkler v. Keane, 7 F.3d 304, 309 (2d Cir. 1993).

Likewise, in the present case, the conflict of interest may have resulted in an actual lapse of representation in that Attorneys Aney and/or Hobika may not have pursued plea negotiations on behalf of Petitioner because such negotiations would have adversely

affected their other clients.[4]

On the present record, this Court cannot reach a final determination regarding (a) the existence and extent of any actual conflict of interest or (b) whether any such conflict resulted in an actual lapse in representation. Attorneys Aney and Hobika have not had an opportunity to be heard, as required under Sparman.  However, this Court is satisfied that on the record before it, sufficient cause exists to conduct further proceedings in the form of an evidentiary Sparman hearing. See Drake v. Portuondo, 321 F.3d 338, 345 (2d Cir.2003) ("Where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry.").

### 2.    Development of Factual Record

Section 2254 (e)(2) of Title 28 provides, in pertinent part, that the habeas court may not conduct an evidentiary hearing if the petitioner "failed to develop the factual basis of a claim in State court proceedings," subject to certain exceptions (*e.g.* if the facts at issue "could not have been previously discovered through the exercise of due diligence"). Respondent argues that Petitioner is not entitled to a Sparman hearing because he failed to develop the evidentiary record during the state court proceedings relative to the potential Aney/Hobika conflict of interest.  This argument is unavailing for the following reasons.

First, Petitioner did develop the factual record in the state court proceedings to a

---

[4]This example is offered for illustrative purposes and is not intended to foreclose Petitioner from arguing that the conflict of interest, if established, adversely affected the representation in other ways not specifically discussed herein.

degree by, *inter alia*, attaching supporting affidavits to his CPL § 440 motion, including an affidavit from Attorney Charles Wason (a former associate of Petitioner's trial counsel) regarding conversations that Wason had with Hobika, in which Hobika allegedly admitted to representing Petitioner, but then later refused to testify concerning the conflict of interest matter and threatened to deny the representation.

Moreover, Petitioner requested an evidentiary hearing in connection with his § 440 motion, but that request was denied by the state court. Where, as here, "a habeas petitioner has diligently sought to develop the factual basis underlying his habeas petition, but a state court has prevented him from doing so, § 2254(e)(2) does not apply." Drake, 321 F.3d at 347 (2d Cir.2003) ("[A] petitioner cannot be said to have 'failed to develop' a factual basis for his claim unless the undeveloped record is a result of his own decision or omission.").[5]

### 3.   Evidentiary Hearing vs. Affidavits

Respondent contends that even if further evidence must be gathered pursuant to Sparman, such evidence should be obtained in the form of affidavits from the parties in question, rather than through an evidentiary hearing.

However, given the complexity of the matters at issue, the nature of the allegations, and the likelihood that this Court will be required to evaluate the credibility of contradictory testimony, an evidentiary hearing is both appropriate and necessary with regard to the Petitioner's ineffective assistance counsel claim concerning Attorneys Aney and Hobika. James v. Williams, No. 97-CV-0065E, 1998 WL 799152, at *1 (W.D.N.Y. Nov. 6, 1998) ("It

---

[5]Lastly, it should be noted that Respondent's arguments as to this issue actually provide significant support for *Petitioner's* ineffective assistance of counsel claim regarding Attorney Ray, which is discussed further below.

is well-established that whether to hold an evidentiary hearing in the course of evaluating a habeas corpus petition is--when not constitutionally required--within the discretion of the cognizant judge.").

D.   **Sparman** Hearing – Ray

Petitioner also asserts that Attorney Ray, his trial counsel, was ineffective for failing to address the conflict of interest issue and develop the factual record regarding the same, particularly in connection with a motion to suppress certain highly damaging evidence.[6]

Petitioner's trial counsel moved to suppress a tape recording containing incriminating statements, along with certain statements made by Petitioner to the police.   The suppression motion was based, *inter alia*, upon the claim that the police interrogation violated Petitioner's right to counsel, which Petitioner contended attached when he repeatedly told the police that he was represented by Attorneys Aney and Hobika in connection with the pending murder investigation.   A suppression hearing was conducted with regard to the motion, but Attorney Ray decided not to call Aney or Hobika to testify.

The trial court denied the suppression motion, finding, *inter alia*, that Petitioner had not established that the right to counsel had attached when he made the statements in question.   In particular, the trial court noted that Petitioner could "have easily met" his burden of showing that he was represented by counsel during the relevant time period "by subpoenaing either Attorney Aney or Attorney Hobika to establish the attorney-client

---

[6]Once again, the above discussion of the suppression hearing issue is for illustrative purposes and is not intended to limit Petitioner's ability to argue that other aspects of Attorney Ray's representation were unconstitutionally deficient.

relationship."[7] (Docket No. 28, Exhibit C, at p. 912a).

The trial court's suppression decision was raised by Petitioner's appellate counsel on direct appeal.  The Appellate Division affirmed, agreeing with the trial court's conclusion that "defendant was not represented by counsel when the statements were made." Pepe, 689 N.Y.S. 2d at 312.

In his CPL §440 motion, Petitioner argued, *inter alia*, that Attorney Ray's failure to address the conflict of interest issue amounted to ineffective assistance of counsel.  This claim was not raised on direct appeal and, as such, theoretically could have been denied on procedural grounds by the state court.  However, the court did not address the ineffective assistance of counsel claim regarding Attorney Ray in its decision denying the 440 motion. Petitioner's request for permission to appeal was denied by the Appellate Division, without opinion.  As conceded by Respondent (Docket No. 27, at p. 15), the state courts' silence with respect to this particular claim is deemed a denial on the merits.  Accordingly, the claim is subject to this Court's review under the AEDPA standard.

In light of the underlying circumstances and based upon the record as it presently stands, it appears that Attorney Ray may not have been sufficiently diligent with respect to addressing the conflict of interest issue and/or developing the factual record regarding the same.  Indeed, as noted above, even *Respondent* acknowledges this point – stating that "[d]uring the state court proceedings, petitioner had multiple opportunities to demonstrate that . . . a conflict of interest . . . operated to his detriment . . . [y]et, he squandered every

---

[7]The trial court also concluded that the statements in question were voluntarily made and that Petitioner had not requested an attorney when interviewed.  However, a reading of the trial court's decision indicates that Petitioner's failure to establish the attorney-client relationship by calling Aney or Hobika may have adversely impacted the credibility of his testimony that he had repeatedly advised the police that Aney and Hobika were his attorneys.

one of these opportunities." (Docket No. 27, at p. 19).  To the extent that Respondent's assertion is true, it certainly bears upon the adequacy of the representation provided by Attorney Ray, who was ultimately responsible for safeguarding Petitioner's interests from the potentially detrimental effects of a conflict of interest and for developing the factual record regarding the same.

This Court is particularly concerned about Attorney Ray's decision not to call Aney and Hobika as witnesses during the suppression hearing.  Attorney Wason, Ray's former associate, submitted an affidavit in support of Petitioner's § 440 motion.  Wason stated that he contacted Attorney Hobika and that Hobika initially acknowledged having represented Petitioner and having reviewed interrogation procedures with him.

However, according to Wason, Hobika later retracted these statements, warning Wason that he would deny the representation if called as a witness and that his testimony "would not be to [Petitioner's] benefit."  Wason contends that this "warning" was the basis for Attorney Ray's decision not to call Hobika as a witness at the suppression hearing.  No explanation is provided for the decision not to call Attorney Aney or the decision not to advise the trial court of Wason's conversations with Hobika.  Moreover, it appears that Attorney Ray did not engage in a serious or sustained effort to bring the conflict of interest matter to the trial court's attention and/or to explore the possibility that confidences disclosed by Petitioner to Aney and Hobika were being used against him.

Pursuant to Sparman, Attorney Ray is entitled to an opportunity to address these

14

matters and provide an explanations for his decisions and the conduct of his representation.[8]
Accordingly, this Court finds that the evidentiary <u>Sparman</u> hearing is also necessary and
appropriate with regard to Petitioner's ineffective assistance of counsel claim concerning
Attorney Ray.

### D.   Conclusion

For the foregoing reasons, this Court finds that an evidentiary hearing pursuant to
<u>Sparman</u> is necessary with respect to Petitioner's ineffective assistance of counsel claims.
The hearing shall be held at 9:00a.m. on September 15, 2008 at a place to be determined.

Counsel for the parties are hereby directed to conduct a telephonic conference, in the
nature of a Rule 26(f) conference, within seven (7) days of the date of this Order.  Counsel
shall file a joint report of said conference within ten (10) days of the date of this Order,
advising this Court of the following: the anticipated length of the hearing and number of
witnesses; whether the issues presented may be narrowed by stipulation or motion; and the
parties' proposed schedule for pre-trial submissions, including witness and exhibit lists.
Upon receipt of said report, this Court will either issue a written scheduling Order or
schedule a telephone status conference with counsel, as it deems appropriate.


IT IS SO ORDERED.

DATED:      June 13, 2008
            Utica, New York

Victor E. Bianchini
United States Magistrate Judge

---

[8]It should also be noted that to obtain habeas relief with respect to this claim, Petitioner must not
only establish that Attorney Ray's representation was unconstitutionally deficient, but also that Petitioner
was thereby prejudiced.